# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**H. AYUNTAMIENTO CONSTITUCIONAL**
**DE CENTRO, TABASCO,**

                    **Plaintiff,**

**-vs-**                                                    Case No.  **6:06-cv-1625-Orl-31KRS**

**TROLLEY BOATS, LLC and DONALD**
**REDMAN,**

                    **Defendants.**
_____

**TROLLEY BOATS, LLC,**

              **Third Party Plaintiff**
              **and Cross-Claimant**

**vs.**

**GWENDOLYN REDMAN,**

              **Third Party Defendant**

**&**

**DONALD REDMAN,**

              **Cross-Defendant.**
_____

# ORDER

This matter comes before the Court on a Motion for Summary Judgment (Doc. 63) filed by

Defendant Trolley Boats, Inc. ("TB") and responses thereto (Docs. 66 and 71) filed by Defendant

Donald Redman ("Redman") and Plaintiff H. Ayuntamiento Constitucional De Centro, Tabasco

("Tabasco"), respectively.

**I. Factual Background**

In 1998 Redman came up with the idea for a "Trolley Boat", which is an amphibious vehicle used for touring operations, and in 2000 formed TB to manufacture and sell the Trolley Boats. Beagle and Steplock then created Amphibious Partners, LLC ("AP"), through which they invested $52,000 in TB for a 35% interest, making AP a member of TB. Donald and Gwendolyn Redman, collectively, were the second member of TB. Under the operating agreement, Beagle, Steplock and Redman were the managers of TB. (See Doc. 63-3 at 27).

In January, 2004 Redman resigned as manager of TB (Doc. 47-3 at 4) and Steplock and Beagle hired Thomas Moss ("Moss") to replace him (Doc. 47-4 at 3). Then, on April 9, 2004, Redman "took possession of [TB's] manufacturing facility" and purported to fire several employees, including Moss. (Doc. 47-4 at 3). On April 12, 2004, AP became 55% owner of TB by exercising options on loans it had made to TB in 2002. Around this time, a letter was drafted to all persons or entities having contact with TB to inform them of the unauthorized actions of Redman. The letter, signed by Steplock, warned that the company's facilities had been seized by a minority owner, and that TB would not honor any contracts entered into until the dispute regarding TB's management was resolved. (Doc. 63-5 at 11-12)

On April 18, 2006, in an action initiated by AP, the United States District Court for the District of Wyoming entered an Order (Doc. 47-2) regarding the management of TB. In light of that decision, on March 25, 2008, this Court entered an Order (Doc. 59) indicating that it would "take judicial notice that it is an adjudicated fact that (1) the authorized managers of Trolley Boats, LLC from January, 2004 to April, 2006 were David Beagle and A. Louis Steplock, Jr., M.D., and (2) Donald Redman was not a manager of Trolley Boats, LLC during this time frame."

This case arises out of two contracts entered into by Redman, purporting to act on behalf of TB, on July 5, 2004 and April 11, 2005, in which Tabasco agreed to purchase three trolley boats from TB for $650,000. Tabasco paid $650,000 but has not received any boats.

In its Amended Complaint (Doc. 8) Tabasco alleges three counts for: (1) breach of contract, (2) fraud and (3) unjust enrichment against both Defendants. On May 9, 2007, TB filed a cross claim against Redman and a third-party complaint against Gwendolyn Redman (Doc. 33) seeking indemnity to the extent of any liability it may have to Tabasco.

On March 25, 2008 this Court held a pre-trial conference in this matter and determined that the undisputed facts of this case established that either TB or Redman owed Tabasco $650,000 and that the case could likely be resolved on summary judgment. Therefore, this Court cancelled the jury trial and instructed TB to file the instant motion for summary judgment.

## II. Standard of Review

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to

interrogatories, and admissions on file, designate specific facts showing that there is a genuine

issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and

citation omitted). Thereafter, summary judgment is mandated against the non-moving party who

fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id*. at 322, 324-25;

*Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely

on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors

Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting

facts have no probative value").

"Courts must construe the facts and draw all inferences in the light most favorable to the

nonmoving party . . . [e]ven though the facts accepted at the summary judgment stage of the

proceedings may not be the actual facts of the case." *Davis v. Williams,* 451 F.3d 759, 763 (11th

Cir. 2006) (internal citations and quotations omitted). The Court is not, however, required to

accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-

59. If material issues of fact exist, the Court must not decide them, but rather, must deny the

motion and proceed to trial. *Herzog v. Castle Rock Entertainment,* 193 F.3d 1241, 1246 (11th Cir.

1999).

## III. Legal Analysis

### A. Count I: Breach of Contract

Tabasco's first contention is that Redman was acting as the express agent of TB when he

entered into the contracts with Tabasco. This argument has no merit because it is clear that

Redman had resigned from TB prior to signing the contracts with Tabasco and therefore had no

actual authority to act on behalf of TB.

Tabasco next argues that Redman was acting with apparent authority when he entered into the contracts.

> Apparent authority exists when the principal creates the appearance of an agency relationship. *Ja Dan, Inc. v. L-J Inc.*, 898 F. Supp. 894, 900 (S.D. Fla. 1995). The appearance of an agency relationship can be created when the principal knowingly permits the agent to act as if the agent is authorized, or "by silently acting in a manner which creates a reasonable appearance of an agent's authority," but cannot "arise from the subjective understanding of the person dealing with the purported agent." *Id.*

*Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1078 (11th Cir. 2003).

Here, there is no evidence that TB had any knowledge of Redman's dealings with Tabasco until well after the contracts had been signed and the money had been paid. Furthermore, TB took appropriate action to inform its business associates that Redman had no authority to act on its behalf. Thus, there is no contract between Tabasco and TB and TB is entitled to summary judgment as to Count I.

### B. Counts II and III

Plaintiff has failed to present any evidence to support claims of fraud or unjust enrichment against TB. Therefore, Counts II and III, inasmuch as they are brought against TB, will be dismissed with prejudice.

### C. TB's Claims for Indemnity

In light of this Court's ruling on Plaintiff's claims against TB, it would appear that TB's cross-claim and third-party complaint are moot. However, In TB's motion for summary judgment, it argues that, even if this Court rules that TB owes nothing to Plaintiff, it is entitled to indemnity from Redman for the cost of participating in this litigation. Redman makes no argument with regard to this claim, however, TB has not cited a single case in which a court has granted attorneys

fees under a common law indemnity theory. Instead, it seems that an award of attorneys fees would

fall under Federal Rule of Civil Procedure 54. Therefore, this Court will not award attorneys fees

at this time and the cross-claim and third-party complaint will be dismissed.

**IV. Conclusion**

Accordingly, it is

**ORDERED** that TB's Motion for Summary Judgment (Doc. 63) is **GRANTED** in part and

**DENIED** in part. All counts brought by Plaintiff against TB are hereby **DISMISSED** with

prejudice. TB's third party complaint and cross-complaint (Doc. 33) are also **DISMISSED** with

prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 3, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party